IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TREVINO BARKSDALE,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO CARD SERVICES, INC.,<br><br>Defendant. | 4:20-cv-00129-JAJ-HCA<br><br><br>REPORT AND RECOMMENDATION CONCERNING DISMISSAL OF PLAINTIFF'S CLAIMS |

Plaintiff Trevino Barksdale ("Barksdale") filed a three-count Complaint in this Court on April 13, 2020. ECF No. 1. The claims were brought under the Fair Credit Reporting Act and Fair Debt Collection Act. *Id.* ¶ 1. Mr. Barksdale represents himself *pro se*. Mr. Barksdale alleged that Defendant Wells Fargo Card Services, Inc. ("Wells Fargo") falsely reported delinquencies and an outstanding balance on an account he held with Wells Fargo that he had paid in full in March of 2018. *Id.* ¶ 6. Mr. Barksdale further alleged that he filed a dispute with Wells Fargo regarding this account that it failed to investigate. *Id.* ¶¶ 7-11. Mr. Barksdale alleged this violation of the law negatively impacted his credit score. *Id.* ¶¶ 12-13.

Mr. Barksdale and counsel for Wells Fargo both attended a Scheduling Conference held on October 15, 2020. ECF No. 20. Following the Scheduling Conference, the Court adopted the Parties' proposed scheduling order, setting discovery deadlines and a trial date in this case. ECF No. 21. Initial disclosures were to be made by October 30, 2020. *Id.* Also on October 15, 2020, the Court set several telephonic status conferences. ECF No. 22. The first status conference was set for December 29, 2020 at 11:30 AM. *Id.* At the Scheduling Conference, Mr. Barksdale

indicated his preferred method of communication was via email. The Court has both emailed and mailed each docket entry by the Court to Mr. Barksdale

Mr. Barksdale did not appear at the December 29th status conference. ECF No. 25. The Court attempted to contact Mr. Barksdale by phone and email. Mr. Barksdale emailed back to request he be excused from the hearing after it had concluded. Sealed Correspondence, ECF No. 24. This was the last time the Court heard from Mr. Barksdale. Following the December 29, 2020 status conference, the Court entered an Order reminding Mr. Barksdale to contact the Court prior to a scheduled status conference if he is unable to attend. ECF No. 26. The next status conference was set for February 26, 2021. Again, Mr. Barksdale did not appear, and the Court attempted to contact him by both phone and email. Defense counsel indicated she had not been able to reach Mr. Barksdale and had not received any initial disclosures from him.

Due to Mr. Barksdale's failure to appear, the Court set another status conference for March 17, 2021. ECF No. 28. In the Order setting the status conference, the Court again reminded Mr. Barksdale to inform it if he was unavailable for a scheduled status conference. *Id.* The Court also cautioned that if Mr. Barksdale failed to appear again or did not inform the Court that he was unavailable he may be subject to sanctions, including dismissal of his case. *Id.* At the status conference held on March 17, 2021, Mr. Barksdale again failed to appear. Mr. Barksdale did not inform the Court he was unavailable. The Court attempted to reach him via both phone and email to no avail. Defense counsel again reported she had not heard from Mr. Barksdale or received initial disclosures from him.

In light of Mr. Barksdale failure to comply with court orders, participate in case management and discovery, and attend hearings set by the Court, the Court set a Show Cause hearing so that Mr. Barksdale could "show cause as to why his case should not be dismissed for

failure to comply with Court-ordered deadlines." ECF No. 30. The Court held the hearing on April 8, 2021. Again, Mr. Barksdale failed to appear. ECF No. 31. The Court attempted to contact Mr. Barksdale by both phone and email, but was unable to reach him.

**IT IS RESPECTFULLY RECOMMENDED** that Judge Jarvey dismiss Plaintiff's claims for failure to prosecute and failure to comply with Court orders. Fed. R. Civ. P. 41(b); *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Plaintiff has failed to appear at four hearings and has not participated in discovery. Mr. Barksdale has failed to prosecute his claims and to comply with Court orders.

**IT IS ORDERED** that Plaintiff has until **April 22, 2021,** to file a written objection to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1). *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Wade for Robinson v. Callahan*, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Any objection filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. *See* Fed. R. Civ. P. 72. Failure to timely file objections may constitute a waiver of Plaintiff's right to appeal questions of fact. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994); *Halpin v. Shalala*, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); *Thompson*, 897 F.2d at 357.

IT IS SO ORDERED.

Dated April 8, 2021.

Helen C. Adams
Chief U.S. Magistrate Judge